**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES BROWN HENDERSON,

　　　　Petitioner-Appellant,

v.

JUSTIN JONES, Director, Oklahoma
Department of Corrections,

　　　　Respondent-Appellee.

No. 06-5185

(N.D. of Okla.)

(D.C. No. 03-CV-459-CVE-JVC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

---

James Brown Henderson seeks a Certificate of Appealability (COA) for his

28 U.S.C. § 2254 habeas petition. He proceeds pro se so we construe his

pleadings liberally. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). We

will issue a COA "only if the applicant has made a substantial showing of the

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec.
1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Based on a thorough review of the record and the district court's well-reasoned analysis, we find no constitutional rights were denied Henderson.

We DENY his request for a COA and DISMISS the appeal.

## I. Analysis

Following a jury conviction for murder in 2001, Henderson is serving a life sentence. After the Oklahoma Court of Criminal Appeals (OCCA) summarily affirmed Henderson's sentence in 2002, he sought habeas relief in federal district court. Henderson raised three grounds for relief, all of which were denied by the district court along with his request for COA.

Henderson claimed (1) he was denied due process and equal protection when the Oklahoma trial court determined the prosecutor had presented new evidence sufficient to justify re-filing an Information charging Henderson with First Degree Murder after dismissing prior charges for insufficient evidence to support probable cause; (2) he was deprived the right to confrontation when the jury was exposed to forensic evidence not introduced at trial; and (3) the trial court denied him due process by coercing a deadlocked jury with a supplemental *Allen* instruction.[1]

_____

[1] On appeal, Henderson appears to raise an additional claim that DNA evidence should have been presented at trial that would have exonerated him.

(continued...)

*1.  Due Process and Equal Protection in Refiling*

As the district court concluded, "Under Oklahoma law, if a charge is dismissed at preliminary hearing for insufficient evidence to support probable cause, it may be refiled and the defendant held to answer at a second preliminary hearing if the State produces additional evidence or other good cause justifying a subsequent prosecution."  Op. and Order at 5.  The district court correctly identified the issue presented by Henderson as an issue of state law "not cognizable on habeas corpus review" because no constitutional violations arose. *Id.* at 6.  Henderson was informed of charges, witnesses, and evidence against him before trial.  Thus, both due process and equal protection were afforded Henderson.

*2.  Right to Confrontation and Extrinsic Evidence*

On habeas review of a jury's improper exposure to extraneous evidence, we review whether the extraneous evidence "had [a] substantial and injurious effect or influence on the jury's decision." *Vigil v. Zavaras*, 298 F.3d 935, 942 (10th Cir. 2002) (internal quotations omitted) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  Here, Henderson argues his verdict was compromised when a juror viewed evidence—an envelope containing grass, a few hairs and some

---

[1](...continued)
This claim was not raised to the district court and therefore is not properly before us on appeal.  We deem it waived and do not address it.

reddish-colored fiber—that had not been admitted at trial. The district court found the extraneous materials did not affect the jury's decision and based on our review of the record, we agree. The trial court polled the jurors and they unanimously answered that (1) they neither viewed nor discussed the materials in their deliberations, and (2) it had no influence on their deliberations. The record, moreover, discloses only one juror actually viewed the materials, the jury never discussed the significance of the materials during their deliberations, and, finally, the materials did not bear on a contested issue of fact at trial.

In sum, we agree with the district court that the OCCA did not unreasonably apply Supreme Court precedent in denying Henderson's challenge to the jury's verdict.

*3. Coercion of Jury Through* Allen *Instruction*

An *Allen* instruction, taken from *Allen v. United States*, 164 U.S. 492, 501–02 (1896), is given to a jury:

> to encourage unanimity (without infringement upon the conscientious views of each individual juror) by urging each juror to review and reconsider the evidence in the light of the views expressed by other jurors, in a manner evincing a conscientious search for truth rather than a dogged determination to have one's own way in the outcome of the deliberative process.

*United States v. Smith*, 857 F.2d 682, 683–84 (10th Cir. 1988).

An *Allen* instruction cannot be "impermissibly coercive." *United States v. Porter*, 881 F.2d 878, 888 (10th Cir. 1989). In reviewing whether an *Allen*

-4-

instruction is coercive, we consider "(1) the language of the instruction, (2) whether the instruction is presented with other instructions, (3) the timing of the instruction, and (4) the length of the jury's subsequent deliberations." *United States v. Arney*, 248 F.3d 984, 988 (10th Cir. 2001).

The district court reviewed the *Allen* instruction here on all four factors and found the instruction not coercive. It concluded that the language of the instruction complied with circuit precedent, and nothing in the timing of the instruction or the jury's subsequent deliberations suggests prejudice arising from the instruction.

Accordingly, we agree with the district court that the OCCA did not unreasonably apply Supreme Court precedent on this issue.

## II. Conclusion

For all of the foregoing reasons, we substantially agree with the district court's order, and, therefore DENY petitioner's request for COA.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge
